DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| GABRIEL H.T. LAU,<br><br>  Plaintiff,<br><br>vs.<br><br>JOHN FERNANDEZ, ANTONETTE SANTOS, and GUAM DEPARTMENT OF EDUCATION for GOVERNMENT OF GUAM,<br><br>  Defendants. | CIVIL CASE NO. 17-00083<br><br>**ORDER**<br><br>1. Granting Application to Proceed Without Prepaying Fees or Costs and<br><br>2. Denying Request for Extension of Time to File an Initial Complaint Under EEOC Charge No. 486-2016-00158 |

This matter is before the court on two requests filed by the Plaintiff. The court does not believe that a hearing on the matters is necessary.

1. <u>Application to Proceed Without Prepaying Fees or Costs</u>

On July 17, 2017, the Plaintiff initiated the instant action by filing a Request for Extension of Time to File an Initial Complaint Under EEOC Charge No. 486-2016-00158 (the "Request for Extension"). *See* ECF No. 1. He did not pay the filing fee due at the time he filed his Request for Extension, but on July 18, 2017, the Plaintiff filed an Application to Proceed Without Prepaying Fees or Costs (the "Application"). *See* ECF No. 3.

Having reviewed the Application, the court finds that the Plaintiff is unable to pay the costs of these proceedings. Accordingly, the court grants the Application.

2. <u>Request for Extension of Time to File Initial Complaint</u>

In the Request for Extension, the Plaintiff noted that he filed a charge with the U.S. Equal Employment Opportunity Commission ("EEOC") and received a "Notice of Suit Rights" (the

"Notice") – often referred to as a "right to sue letter" – from the EEOC on April 21, 2017. *See* Req. Extens. at 2-3, ECF No. 1. The Notice advised the Plaintiff that if he intended to file a lawsuit, he must do so "WITHIN 90 DAYS of your receipt of this [N]otice." *Id.*, Ex. B (emphasis in original). The Plaintiff stated that he was having difficulty finding an attorney willing to take his case, but he finally found an attorney willing to do so "on the condition that the EEOC case file be provided" for the attorney's review in drafting a complaint. *Id.* at 1-2. The Plaintiff asserted he wrote to the EEOC on June 1, 2017, requesting that a copy of his case file be sent to him, but to date he had not received the requested documents. *Id.* at 2. He further stated that he was able to speak with a "coordinator" on July 8, 2017, and was assured that the case file had been requested and would be sent to the Plaintiff as soon as possible. *Id.* Accordingly, the Plaintiff requested an extension of time to file a complaint against the Defendants.

Pursuant to the applicable statute, when the EEOC dismisses a claim, it must inform a claimant that he has ninety days to file a civil action. 42 U.S.C. § 2000E-5(f)(1). This 90-day filing period acts as a statute of limitations, which is subject to the doctrine of equitable tolling in appropriate circumstances. *Valenzuela v. Kraft, Inc.*, 801 F.2d 1170, 1174 (9th Cir. 1986).

> The equitable tolling doctrine has been applied by the Supreme Court in certain circumstances, but it has been applied *sparingly*; for example, the Supreme Court has allowed equitable tolling when the statute of limitations was not complied with because of defective pleadings, when a claimant was tricked by an adversary into letting a deadline expire, and when the EEOC's notice of the statutory period was clearly inadequate.

*Scholar v. Pacific Bell*, 963 F.2d 264, 267-68 (9th Cr. 1992) (citing *Irwin v. Dep't of Veterans Affairs*, 496 U.S. 89, 96 (1990)) (emphasis added).

Courts, however, have not tolled the statute of limitations merely because a plaintiff is proceeding *pro se*. *See Baldwin Cty. Welcome Ctr. v. Brown*, 446 U.S. 147, 151 (1984); *Aljadir v. Univ. of Pennsylvania*, 547 F. Supp. 667, 668-69 (E.D. Pa. 1982) (court did not allow equitable tolling where *pro se* plaintiff filed his claim one day late even though plaintiff alleged that he was given incorrect information by the clerk's office on the 90th day).

In this case, the Plaintiff essentially argues that an extension of the 90-day period for filing a complaint is warranted because he is proceeding *pro se*. The Plaintiff's lack of legal

sophistication does not justify equitable tolling. The Plaintiff also states that he is awaiting receipt of his "case file" from the EEOC so that he can provide said documents to an attorney for review and preparation of a complaint. Req. Extens. at 1-2, ECF No. 1. The court is mindful that the equitable tolling doctrine is to be applied "sparingly" and is reserved only for "extreme cases," *Scholar*, 963 F.2d at 267-28, and the court finds that the Plaintiff has not presented an extraordinary circumstance sufficient to support equitable tolling. Accordingly, the Plaintiff's Request for Extension is denied without prejudice.

IT IS SO ORDERED.

**/s/ Frances M. Tydingco-Gatewood**
    **Chief Judge**
**Dated: Jul 25, 2017**